**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**LARRY WAYNE MCVEY, JR.,**

**Plaintiff,**

**v.**                                    **CASE NO. 20-3210-SAC**

**LOU MILLER, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Larry Wayne McVey, Jr., is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his Complaint should not be dismissed due to the deficiencies that are discussed herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.

**I.   Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.   Although Plaintiff is currently confined at the Clay County Jail in Clay Center, Kansas, the events giving rise to his Complaint occurred during his detention at the Saline County Jail in Salina, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff alleges that the SCJ refused to give him his mental health medications even though other inmates were taking "the exact ones."   (Doc. 1, at 2.)   Plaintiff alleges that he was put in harm's way when he was placed in the gym where water was on the floor.   Plaintiff slipped and twisted his knee.   Plaintiff alleges that deputies took pictures, but "the nurse" never even looked at it.   *Id*.   Plaintiff alleges that the "Saline County Jail and its medical providers willfully and unlawfully refused medical care, neglected a defendant adult, caused mental and physical

1

agony by means of medical malpractice." *Id*. at 4.   Plaintiff alleges that his pulmonologist put

him on breathing treatments and "they" took him off of them.   *Id*.   Plaintiff also alleges that it

took the jail three weeks to provide him with some of his legal work.   *Id*.

Plaintiff attaches a motion from his state criminal case, where his attorney seeks to have the

SCJ administer the appropriate medications to Plaintiff, stating in part that:

> 2.   Mr. McVey was previously incarcerated at the Clay County Jail
> prior to being transported to the Saline County Jail.
> 3.   Mr. McVey was prescribed medications for mental illness.   He
> was taking the medications regularly while he was incarcerated at
> the Clay County Jail.
> 4.   The prescribed medications were sent with Mr. McVey when he
> was transported to the Saline County Jail.
> 5.   The Saline County Jail has refused to issue Mr. McVey three (3)
> of the medications he was prescribed (see attached Medication
> Verification Form).
> 6.   The Saline County Jail has offered to substitute one (1) of the
> three (3) medications but Mr. McVey is allergic to the substitute
> medication.
> 7.   Mr. McVey has not seen a physician since he was incarcerated
> at the Saline County Jail to address his prescribed medications.
> 8.   Mr. McVey is now experiencing hallucinations as a result of the
> Saline County Jail refusing to issue medications to Mr. McVey.

(Doc. 1–1, at 1–2.) The motion reflects that the matter was set for a hearing on July 13, 2020, in the

Saline County District Court.   *Id*. at 2.   It appears as though the matter was resolved in Plaintiff's

state criminal case, but it is unclear from the record whether his request for medications was

granted.   *See State v. McVey*, Case No. 2019-CR-000599 (Saline County District Court).

Plaintiff names as Defendants:   Lou Miller, Nurse Practitioner; Josie Wagner, Nurse

Practitioner; and the SCJ.   Plaintiff seeks monetary damages, reimbursement of medical expenses

to the Clay County Jail, and "an investigation into Saline county Jail."   (Doc. 1, at 7.)

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a

complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Constitutional Violation

Plaintiff's claim that he was put in harm's way when he was allowed in the gym where he slipped on water on the floor and twisted his knee. This claim fails to state a constitutional violation. At most, this claim suggests negligence, which is a state law cause of action.

"[A]llegations of a slip and fall are simply insufficient to state [a] claim under the Eighth Amendment." *Griffin v. Easter*, No. 14-3043-SAC, 2014 WL 1478496, at *4 (D. Kan. April 15, 2014) (citing *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, "[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment . . . ."); *see Flandro v. Salt Lake Cty. Jail*, 53 F. App'x 499, 500–501 (10th Cir. 2002) (noting that cases from other jurisdictions have held that slippery floors do not violate the Eighth Amendment and stating that "a serious injury by itself does not necessarily render a condition excessively or even substantially risky"); *see also Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on pillow negligently left on a stairway by sheriff's deputy failed to allege constitutional violation); *Benson v. Central New Mexico Corr. Facility*, 2017 WL 5989195, at *3 (D. N.M. Dec. 1, 2017) ("The federal courts have consistently held that allegations a prisoner slipped and fell as a result of slippery conditions in the prison do not rise to the level of an Eighth Amendment violation.") (citations omitted); *see also LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment") (citation omitted).

Plaintiff's claim is insufficient to state a constitutional violation. *See Bacon v. Carroll*, 232 F. App'x 158, 160 (3d Cir. 2007) (prisoner's assertion that prison officials failed to warn him of wet floor stated claim of mere negligence and not constitutional violation); *Davis v. Dallas Cty.*, No. 3:06-cv-0174-K, 2006 WL 3019244, at *3 (N.D. Tex. Oct. 23, 2006) (plaintiff's allegations that he slipped and fell on floor that was wet and in ill repair, and that there should have been signs, ropes, or cones to warn him of the dangerous condition, failed to state Eighth Amendment claim); *Quine v. Livingston,* No. Civ. A., H-06-1426, 2006 WL 1662920, at *1–2 (S.D. Tex. June 12, 2006) (inmate's slip and fall claim premised on failure to place "wet floor" signs around ice

machine to warn of dangerous conditions constituted a "garden-variety" negligence claim that did not present issue of constitutional dimension); *Isom v. McDowell Cty. Corrs. Medical Servs.*, No. 1:07-00212, 2008 WL 2725093, at *3 (S.D. W.Va. July 11, 2008) (finding that failure to put out wet floor signs did not show deprivation of right protected by the Constitution or laws of the United States and was therefore not cognizable under § 1983); *Washington v. Vannoy*, No. 15-749-SDD-RLB, 2017 WL 525672, at *3 (M.D. La. Jan. 3, 2017) (claim of deliberate indifference to safety due to the lack of a "Wet Floor" warning sign, at most, raises nothing more than negligence).   Plaintiff must show good cause why this claim should not be dismissed for failure to allege a constitutional violation.

## 2. Detention Facility

Plaintiff names the SCJ as a defendant.   "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).   Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983.   *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").   Plaintiff's claims against the SCJ are subject to dismissal.

### 3.   Personal Participation

Plaintiff has failed to allege how each Defendant personally participated in the deprivation of his constitutional rights.   An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.   *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).   Conclusory allegations of involvement are not sufficient.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").   As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Plaintiff does not allege who denied him medications, when they were denied, what medications were denied, or whether or not his claims were resolved pursuant to his motion filed in his state criminal case.   Plaintiff's references to "the SCJ and its medical providers," or "the nurse" or "they" are insufficient to allege how each Defendant personally participated in the deprivation of his constitutional rights.

### 4.   Eighth Amendment

Plaintiff alleges that he did not receive medical attention for his twisted knee and he did not receive his requested medications.   The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment."   *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

The "deliberate indifference" standard includes both an objective and a subjective component.  *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted).   In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Martinez*, 430 F.3d at 1304 (citation omitted). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

 "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety."  *Id*. (quoting *Sealock*, 218 F.3d at 1209).   In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

A mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment.  *See Estelle*, 429 U.S. at 106–07; *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983).

Plaintiff's allegation that he "twisted his knee" fails to allege a serious medical condition that would support an Eighth Amendment violation.  Plaintiff provides no factual support regarding his alleged injuries.

Plaintiff's Complaint also suggests that he was offered substitute medication and that his claims may have been resolved in state court.   A complaint alleging that plaintiff was not given plaintiff's desired medication, but was instead given other medications, "amounts to merely a disagreement with [the doctor's] medical judgment concerning the most appropriate treatment."   *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (noting that plaintiff's allegations indicate not a lack of medical treatment, but a disagreement with the doctor's medical judgment in treating a condition with a certain medication rather than others); *Hood v. Prisoner Health Servs., Inc.*, 180 F. App'x 21, 25 (10th Cir. 2006) (unpublished) (where appropriate non-narcotic medication was offered as an alternative to the narcotic medication prescribed prior to plaintiff's incarceration, a constitutional violation was not established even though plaintiff disagreed with the treatment decisions made by prison staff); *Carter v. Troutt*, 175 F. App'x 950 (10th Cir. 2006) (unpublished) (finding no Eighth Amendment violation by prison doctor who refused to prescribe a certain pain medication where he prescribed other medications for the inmate who missed follow-up appointment for treatment and refused to be examined unless he was prescribed the pain medication he wanted); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) ("Plaintiff's belief that he needed additional medication, other than that prescribed by the treating physician, as well as his contention that he was denied treatment by a specialist is . . . insufficient to establish a constitutional violation.").

Delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm.   *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993).   In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay.   *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted).   "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'"   *Mata*

*v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).   Plaintiff has failed to show that any defendant was deliberately indifferent regarding his medical care and his medical claims are subject to dismissal.

### 5.   Delay in Receiving Legal Work

Plaintiff also alleges that it took the jail three weeks to provide him with some of his legal work.   Plaintiff fails to name an individual responsible for the delay and fails to allege an injury resulting from the delay.

It is well-established that a prison inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim."   *Lewis*, 518 at 354.   Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging

"the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

Plaintiff has not alleged that staff at the SCJ prevented him from accessing the courts or caused him actual injury. The claim is not plausible, particularly since he was able to file this action in federal district court. Plaintiff's claim is subject to dismissal.

## IV.   Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (20-3210-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **January 15, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **January 15, 2021**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated December 17, 2020, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**