IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY WAYNE MCVEY, JR.,

        **Plaintiff,**

        v.                                                          CASE NO. 20-3210-SAC

LOU MILLER, et al.,

        **Defendants.**

## MEMORANDUM AND ORDER

        Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently confined at the Clay County Jail in Clay Center, Kansas, the events giving rise to his Complaint occurred during his detention at the Saline County Jail in Salina, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis*.

        The Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed due to the deficiencies set forth in the MOSC. The Court also granted Plaintiff the opportunity to file an amended complaint to cure the deficiencies. This matter is before the Court on Plaintiff's response (Doc. 8) and Amended Complaint (Doc. 7). The Court finds that Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC and his response fails to show good cause why this matter should not be dismissed.

        In his Amended Complaint, Plaintiff alleges that "they" refused to give Plaintiff his medication and "they" neglected his medical treatment even after they were subpoenaed to court and failed to show up. Plaintiff alleges that he was subjected to cruel and unusual punishment because his mental health was not treated. Plaintiff alleges that he "put in nurses requests and grievances." (Doc. 7, at 4.) Plaintiff seeks $900,000 and a policy change so that neglect issues

are taken seriously. *Id*.

The Court found in the MOSC that Plaintiff has failed to allege how each Defendant personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

The Court found in the MOSC that Plaintiff does not allege who denied him medications, when they were denied, what medications were denied, or whether or not his claims were resolved pursuant to his motion filed in his state criminal case. Plaintiff's references to "the SCJ and its medical providers," or "the nurse" or "they" are insufficient to allege how each Defendant personally participated in the deprivation of his constitutional rights.

Plaintiff has failed to cure this deficiency in his Amended Complaint. Plaintiff alleges that "they" denied him medication and neglected his medical treatment. He does not allege personal participation, nor does he allege what medication he requested or who he requested it from.

The Court found in the MOSC that Plaintiff's Complaint also suggests that he was offered substitute medication and that his claims may have been resolved in state court. A complaint alleging that plaintiff was not given plaintiff's desired medication, but was instead given other medications, "amounts to merely a disagreement with [the doctor's] medical judgment concerning the most appropriate treatment." *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (noting that plaintiff's allegations indicate not a lack of medical treatment, but a disagreement with the doctor's medical judgment in treating a condition with a certain medication rather than others); *Hood v. Prisoner Health Servs., Inc.*, 180 F. App'x 21, 25 (10th Cir. 2006) (unpublished) (where appropriate non-narcotic medication was offered as an alternative to the narcotic medication prescribed prior to plaintiff's incarceration, a constitutional violation was not established even though plaintiff disagreed with the treatment decisions made by prison staff); *Carter v. Troutt*, 175 F. App'x 950 (10th Cir. 2006) (unpublished) (finding no Eighth Amendment violation by prison doctor who refused to prescribe a certain pain medication where he prescribed other medications for the inmate who missed follow-up appointment for treatment and refused to be examined unless he was prescribed the pain medication he wanted); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) ("Plaintiff's belief that he needed additional medication, other than that prescribed by the treating physician, as well as his contention that he was denied treatment by a specialist is . . . insufficient to establish a constitutional violation.").

Furthermore, Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

The MOSC provided that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim." (Doc. 6, at 12.) Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC and his response fails to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated May 24, 2021, in Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**